UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Civil Action No. 5:21-cv-272-CHB-MAS-5 |
| | ) | Criminal Action No. 5:19-cr-102-CHB- |
| v. | ) | MAS-5 |
| | ) | |
| SIDNEY KISAAN MAXBERRY, | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE** |
| Defendant/Movant. | ) | **JUDGE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Report & Recommendation ("R&R") issued by Magistrate Judge Matthew A. Stinnett on August 8, 2022 [R. 269]. The R&R addresses Defendant Sidney Kisaan Maxberry's ("Maxberry") Motion to Vacate under 28 U.S.C. § 2255 [R. 260]. On September 14, 2022, Magistrate Judge Stinnett issued a Supplement to the R&R addressing whether a certificate of appealability should be granted [R. 270]. Neither party has filed objections to the R&R or Supplement to the R&R, and the matter is therefore ripe for review. For the reason set forth herein, the Court will adopt the Magistrate Judge's R&R and Supplement and deny Maxberry's Motion without certificate of appealability.

On November 7, 2019, Maxberry was indicted for conspiring to distribute 5 kilograms or more of a cocaine mixture in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, conspiring to commit money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) and (h), and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). [R. 104]. Maxberry pleaded guilty to those charges on March 4, 2020, [R. 158]. On July 24, 2020, this Court sentenced

- 1 -

Maxberry to a total of 120 months imprisonment and entered Judgment on July 29, 2020. [R. 208; R. 209].

On September 27, 2021, Maxberry filed a Motion for Extension of Time to File a § 2255 motion. [R. 257]. The Court referred the Motion to Magistrate Judge Stinnett, who denied the Motion because Maxberry had not yet filed the contemplated § 2255 motion. [R. 259]. Maxberry filed his Motion to Vacate under § 2255 on October 19, 2021, [R. 260]. In his Motion, Maxberry raises only one ground for relief in his Motion: that his attorney never investigated the drug quantity involved in his case. *Id.* at 4. Specifically, he alleged:

> I informed my attorney I did not sell 5 kg of cocaine. He informed me there were codefendants stating I sold 5 kg, but I never saw any evidence of this. I requested my attorney investigate this further and she refused, telling me just to plead guilty because contesting the drug weight would anger the court. I was also threatened by the AUSA that if I contested my charges he could add additional charges. I was told by the DEA case agent in my case that there was no evidence against me.

*Id.* As to the issue of timeliness, Maxberry stated:

> I have been unable to research my case and get access to my documents to assist me. First, we are under COVID-19 protocols and in the past 18 months much of my time has been spent in solitary confinement with very limited access to the law library, making it impossible to research my case, rights, and remedies. Second, FCI McDowell quit letting inmates retain personal legal documents, sighting [sic] safety concerns, and all my case files, when sent to FCI McDowell, were returned to counsel. This can be confirmed by my sentencing attorney Whitney Lawson. These 2 factors made it impossible to meet my deadline while I diligently persued [sic] my rights.

*Id.* at 11.

In the R&R, Judge Stinnett began by analyzing the one-year statute of limitations under 28 U.S.C. § 2255(f). [R. 269, p. 2]. In this case, the one-year limitation period began to run on August 12, 2020, when Maxberry's judgment became final. *Id.* Accordingly, Maxberry had until August 12, 2021 to file a § 2255 motion. *Id.* at 3. However, he did not file his Motion until October 19, 2021. [R. 260]. Therefore, his Motion is untimely unless equitable tolling applies. [R. 269, p. 3]

Judge Stinnett next determined that neither explanation contained within Maxberry's § 2255 Motion warrant equitable tolling. *Id.* at 3–4. First, Judge Stinnett found that placement in segregation and lack of access to legal materials do not qualify as "exceptional circumstances" that warrant equitable tolling. *Id.* at 4. Second, while some circumstances imposed by the COVID-19 pandemic may justify equitably tolling, Maxberry failed to "cite any fact-specific circumstance" that justified tolling in his case. *Id.* at 4–5. Third, Judge Stinnett reasoned that "Maxberry's general allegation that his case file was returned to his sentencing attorney when mailed to his detention facility does not, itself, justify tolling." *Id.* at 5. Finally, Judge Stinnett found that Maxberry failed to demonstrate that he diligently pursued his rights during the one-year period in which he could have timely filed a § 2255 motion. *Id.* at 6.

The Magistrate Judge's Supplement to the R&R addresses whether a certificate of appealability should be issued in the event that the Court adopts the R&R and denies Maxberry's Motion, "as the [Magistrate Judge] did not include a recommendation on this issue in its Report and Recommendation." [R. 270, p. 1]. In the Supplement, the Magistrate Judge set forth the relevant legal standard as follows:

> "When a district court denies a habeas petition on procedural
> grounds without reaching the petitioner's underlying constitutional
> claim, a COA should issue when the petitioner shows, at least, that
> jurists of reason would find it debatable whether the petition states
> a valid claim of the denial of a constitutional right and that jurists of
> reason would find it debatable whether the district court was correct
> in its procedural ruling."

*Id.* at 2 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying this standard to Maxbery's Motion, the Magistrate Judge reiterated that Maxberry filed the Motion sixty-eight days after the statutory deadline and his finding that Maxberry failed to meet "his burden of demonstrating tolling entitlement based on his vague allegations that his facility's 'Covid-19 protocols' and his limited access to legal materials

prevented him from filing a timely § 2255 motion." *Id.* The Magistrate Judge noted that "courts consistently deny equitable tolling arguments premised on such vague allegations." *Id.* (citing R. 269, at p. 3–4). Based on the foregoing, the Magistrate Judge found that "reasonable jurists could not find it debatable" that Maxberry's Motion should be denied as untimely, and the Magistrate Judge therefore "recommends denial of a certificate of appealability concerning the procedural denial of Maxberry's § 2255 motion [DE 260]." *Id.* at 3.

The Magistrate Judge's R&R and Supplement advised the parties that any objections must be filed within fourteen (14) days. *Id.* at 3; [R. 269, at p. 8]. The time to file objections has passed, and neither party has filed any objections to the R&R or Supplement nor sought an extension of time to do so. Generally, this Court must make a *de novo* determination of those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's R&R and Supplement. The Court agrees with the Magistrate Judge's recommendation to deny Maxberry's Motion to Vacate under 28 U.S.C. § 2255, [R. 260], without issuing a certificate of appealability as to the issues raised.

      **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, [**R. 269**], and Supplement to Report and Recommendation, **[R. 270]**, are **ADOPTED** as the opinion of this Court.

- 5 -

2.  Maxberry's Motion to Vacate under 28 U.S.C. § 2255, [**R. 260**], is **DENIED**.

3.  A Certificate of Appealability is **DENIED** as to all issues raised by Maxberry.

4.  A separate Judgment shall follow.

This the 5th day of October, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY